**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10350 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00423-JCM-GWF-1 |
| v. | |
| DANIEL JAMES BARNES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted and Submission Deferred October 11, 2017[**]
Resubmitted June 19, 2018
San Francisco, California

Before: THOMAS, Chief Judge, and BYBEE and O'MALLEY,[***] Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Kathleen M. O'Malley, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Appellant Daniel Barnes appeals his jury convictions under 18 U.S.C. §§ 1591(a), (b)(2), & (c), 1594(c), 2423(a), and 2251(a) & (e). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review challenges to the sufficiency of the evidence de novo. *United States v. Green*, 592 F.3d 1057, 1065 (9th Cir. 2010). We review evidentiary rulings during trial for an abuse of discretion. *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1244 (9th Cir. 1997). We affirm.

I

"Evidence is sufficient to support a conviction unless, viewing the evidence in the light most favorable to sustaining the verdict, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Green*, 592 F.3d at 1065 (citation omitted). A rational trier of fact could have found that (a) with respect to Counts One, Two, and Four, Barnes's conduct occurred in or affected interstate commerce; and (b) with respect to Count Three, Barnes intended to have J.M. engage in prostitution when they crossed state lines. The jury heard evidence that Barnes posted an online advertisement for J.M.'s prostitution activities. *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[T]he Internet is an instrumentality and channel of interstate commerce." (citation

2

omitted)).  The jury also heard evidence that Barnes transported J.M. from Nevada to California with the intent that she engage in prostitution.

## II

Even if the testimony by Thomas Radke was improper expert testimony, it was not prejudicial.  "Generally speaking, erroneously admitted evidence is not prejudicial if the facts had already been shown by admissible evidence."  *Benna v. Reeder Flying Serv., Inc.*, 578 F.2d 269, 272 (9th Cir. 1978).  The one photo of J.M. extracted from the iPad was cumulatively introduced and connected to Barnes separately, as it was obtained in a Facebook search warrant and presented in connection with a post on Barnes's Facebook page.

## III

We consider three additional issues which the parties addressed in supplemental briefing.  *See Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004) (explaining that we may review issues not raised in an appellant's opening brief when we call for and receive supplemental briefs by both parties).

First, the district court did not plainly err by failing to instruct the jury about the reasonable mistake of age affirmative defense to Count Four.  We have interpreted 18 U.S.C. § 2251(a) to include a limited mes rea *defense* to save the statute from violating the First Amendment: "A defendant may avoid conviction

3

only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the [minor] was under 18 years of age." *United States v. U.S. Dist. Court for Cent. Dist. of Cal.*, 858 F.2d 534, 543 (9th Cir. 1988). However, because Barnes did not rely on a reasonable mistake of age theory at trial, the district court's failure to provide an instruction on the theory was not plain error. *United States v. Montgomery*, 150 F.3d 983, 996 (9th Cir. 1998). Even if the court did err, the instruction did not effect Barnes's substantial rights. Barnes did not put forward any clear and convincing evidence that he did not know, and could not reasonably have learned, J.M.'s age.

Second, the district court's decision to instruct the jury that knowledge of J.M.'s age was not an element of Count Three is not clearly irreconcilable with *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). In *Flores-Figueroa*, the Supreme Court presumed that under the rules of "ordinary English," the adverb "knowingly" in a statute applies to the entire action. 556 U.S. at 650. However, it noted that context can rebut the presumption. *Id.* at 652; *id.* at 660 (Alito, J., concurring in part).

Prior to *Flores-Figueroa*, this Court interpreted 18 U.S.C. § 2423(a) such that "knowingly" did not extend to knowledge of the minor's age. *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001). In its holding, the Court evaluated the

4

broader context of the statute, reasoning that Congress likely intended to increase the penalty in cases where the victims are minors regardless of knowledge "in light of Congress' concern about the sexual exploitation of minors." *Id.* Because *Taylor* was a context-dependent evaluation of whether "knowingly" applied, *Taylor* is not clearly irreconcilable with *Flores-Figueroa*. Thus, the district court was bound to apply it.

Finally, the district court's decision to admit evidence of Barnes's 'other acts' relating to prostitution, including but not limited to Facebook posts and the testimony of Brysco Baker, did not violate evidentiary rules. Posts from Barnes's Facebook page, lyrics from his iPad, and the testimony of Brysco Baker all tended to prove that Barnes worked as a pimp and intentionally employed J.M. as a prostitute. Fed. R. Evid. 404(b)(2) (explaining that evidence of other bad acts are admissible for proving intent, motive, plan, etc.). Moreover, because the evidence at issue was cumulative of other admissible evidence, any error was harmless.

**AFFIRMED.**